NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEXANDER BAYONNE STROSS, | No. 22-36000 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-01489-RAJ-BAT |
| v. | |
| ZILLOW, INC.; TRULIA, LLC, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted December 6, 2023[**]
Seattle, Washington

Before: McKEOWN, N.R. SMITH, and SANCHEZ, Circuit Judges.

Alexander Stross appeals the dismissal of his claims against Zillow, Inc. and

Trulia, LLC[1] for direct copyright infringement, vicarious infringement, and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[1] Because Trulia is a subsidiary of Zillow and the differences between the two entities are not at issue in this appeal, Defendants/Appellees are collectively referred to as "Zillow."

contributory infringement.  We review de novo a dismissal for failure to state a claim.  S*ee Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011).  We affirm.

Stross, an Austin-based real estate photographer, alleges that Zillow allowed his photographs of homes in the Austin area to remain on display after the homes were sold, violating the rules of the Austin/Central Texas Realty Information Service ("ACTRIS"), the Austin Board of Realtors ("ABOR"), Texas Realtors, and the National Association of Realtors.  Stross alleges that Zillow either "accessed the [photographs] through . . . a third party license with ACTRIS MLS (prior to becoming a Texas broker), or as a participant/subscriber to ACTRIS MLS" after becoming a broker.  Then Zillow, "on [its] own initiative, instigated the long-term reproduction and display of the Photographs on the Websites for purposes other than marketing the properties depicted in the Photograph, and solely for [its] own benefit."

To prevail on a claim of direct copyright infringement, Stross must demonstrate that Zillow "violate[d] at least one exclusive right granted to [Stross] under 17 U.S.C. § 106." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001).  Stross must also establish causation, known as the "volitional-conduct requirement." *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 731 (9th Cir. 2019); *see also Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir.

2

2017) ("*Direct* liability must be premised on conduct that can reasonably be described as the *direct cause* of the infringement." (cleaned up)).

Stross fails to plausibly plead volitional conduct here. He does not plausibly allege that Zillow acquired and displayed the photographs at issue *after* Zillow registered as a broker in Texas. According to his own allegations, Zillow did not register as a broker in Texas until July 2021, but Stross took the photographs in question and registered them between 2008 and 2014, and sent the takedown notices to Zillow in April 2021 (and thus, presumably, found that the photos were still displayed on Zillow prior to that date). To the extent Stross instead pleads that Zillow acquired and displayed the photos through a third-party license *before* registering as a broker, and is therefore liable, in Stross's words, for "fail[ing] to control the photographs on its system in conformance with the licensing restrictions on those photographs imposed by the ABOR/ACTRIS rules," that argument is squarely foreclosed by *VHT, Inc. v. Zillow*. *VHT*, 918 F.3d at 733–34 (holding that Zillow did not "exercise[] control" over the photos at issue "beyond the 'general operation of [its website]'" (quoting *Perfect 10*, 847 F.3d at 670)).

Stross also brings claims for both vicarious infringement and contributory infringement, which were dismissed by the district court for failure to plead an underlying direct infringement by a third party, a requirement of any claim of secondary infringement. *See Fox Broad. Co. v. Dish Network L.L.C.*, 747 F.3d

3

1060, 1068 (9th Cir. 2014).  But Stross failed to argue in his briefing before us that underlying direct infringement was plausibly pleaded here, thus waiving that issue. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986) ("The Court of Appeals will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.").[2]

**AFFIRMED.**

---

[2] Though Stross briefly argues that the district court erred in dismissing without granting leave to amend, Stross has failed to proffer, either before this court or the district court, any additional facts he would plead if given the opportunity to amend.  Accordingly, amendment would be futile.  *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008).